UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

DAVID ALLEN VALENTINE,

    Plaintiff,

v.                      3:09-cv-612

JEFFERSON COUNTY JAIL,
CHIEF MERLIN FOISTER, and
CORRECTIONAL OFFICER MOFINAS,

    Defendants.

## MEMORANDUM AND ORDER

The court is in receipt of a *pro se* prisoner's civil rights complaint under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*. It appears from the application that the plaintiff lacks sufficient financial resources to pay the $350.00 filing fee. Accordingly, pursuant to 28 U.S.C. § 1915(b)(4), the Clerk is **DIRECTED** to file this action without the prepayment of costs or fees or security therefor as of the date the complaint was received. However, for the reasons stated below, process shall not issue and this action is **DISMISSED**.

Plaintiff is an inmate in the Anderson County Detention Facility. His allegations concern his confinement in the Jefferson County Jail. As defendants, plaintiff has named the Jefferson County Jail, Chief Merlin Foister, and Correctional Officer (C/O) Mofinas. The court notes at the outset that the Jefferson County Jail is not a suable entity under § 1983.

With respect to Chief Foister and C/O Mofinas, plaintiff did not state in his complaint whether those defendants are being sued in their official capacity or individual capacity. Accordingly, the court must presume that the defendants have been sued in their official capacity only. *Wells v. Brown*, 891 F.2d 591 (6th Cir. 1989). That being so, the court must proceed as if plaintiff has in fact sued Jefferson County, Tennessee. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985); *Brandon v. Holt*, 469 U.S. 464, 471 (1985); *Monell v. Department of Social Services of City of New York*, 463 U.S. 658, 690 n.55 (1978). Given that, in order to prevail plaintiff must demonstrate that the alleged violation of his constitutional rights resulted from acts representing official policy or custom adopted by Jefferson County, Tennessee. *Monell*, 463 U.S. at 690-91; *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1245-46 (6th Cir. 1989).

Plaintiff did not allege that the violation of his rights was the result of any policy or custom on the part of Jefferson County, Tennessee. Accordingly, plaintiff's complaint fails to state a claim against Chief Foister and C/O Mofinas.

This action is **DISMISSED** *sua sponte*, for failure to state a claim upon which relief can be granted under § 1983. The court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

Because the plaintiff is an inmate in the Anderson County Jail, he is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is greater of:

    (a)    twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; *or*

    (b)    twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Memorandum and Order to the Sheriff of Anderson County, Tennessee, and the county attorney for Anderson County, Tennessee, to ensure that the custodian of the plaintiff's inmate trust account complies with

that portion of the Prison Litigation Reform Act relating to payment of the filing fee. The Clerk is further **DIRECTED** to forward a copy of this Memorandum and Order to the court's financial deputy.

**ENTER:**

                <u>   s/ Thomas W. Phillips   </u>
                United States District Judge